**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

CRIMINAL NO. 19- CR-205-KKC                         *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                         PLAINTIFF

VS.            SECOND MOTION TO CONTINUE TRIAL

CARLOS ROGERS                                                    DEFENDANT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

The Defendant, Carlos Rogers, by counsel, respectfully moves the Court to continue the trial of this matter currently scheduled for June 15, 2020. As grounds for this motion, counsel states as follows:

1. Defendant Rogers and co-defendant Correll Buckhalter were indicted on December 6, 2019. Defendant Rogers was charged with Conspiracy to Commit Wire Fraud and Health Care Fraud in violation of 18 U.S.C. § 1349; Wire Fraud under 18 U.S.C. § 1343; and Health Care Fraud in violation of 18 U.S.C. § 1347. [DE 1].

2. Defendant Rogers was arraigned on the aforesaid Indictment on January 2, 2020. [DE 17]. At that time, the Court scheduled a jury trial for March 9, 2020 at the United States District Court in Lexington. [DE 19].

3. On January 10, 2019, the United States mailed the undersigned a flash drive containing its first production of discovery. The password to access this material was provided via email on January 16, 2020. The discovery files encompassed 6.12 GB of data and included 65,693 pages of documents in 3172 .pdf files; potentially tens of thousands of other pages and a

significant amount of data contained in 237 spreadsheets;[1] at least 208 audio recordings in varying lengths (with an initial review showing many at approximately an hour in length); 2 videos; and several other types of files.

4. On January 17, 2020, Defendant Rogers moved to declare this case complex under the Speedy Trial Act and to continue the trial of this matter. [DE 33]. The Court granted Rogers' motion to continue the trial and declared the case complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). The trial was rescheduled for June 15, 2020. [DE 34]. Since that Order, counsel for Rogers has been diligently reviewing the discovery materials produced by the United States.

5. On May 4, 2020, the United States made a *supplemental discovery production* (its third), disclosing thousands of additional records and other files relevant to the case. While defense counsel has not had an opportunity to review the material, a partial inventory/log of the records produced is in excess of 150 pages. In light of this discovery production by the United States, counsel requires additional time to ensure proper pretrial preparation.

6. Additionally, counsel for Rogers has a conflict with the current June 15, 2020 trial date as he is expected to be in trial in United States v. Stoica, Criminal No. 18-CR-81, a month-long trial scheduled to begin in London on June 15, 2020.[2]

7. Under the Speedy Trial Act, "delays due to continuances granted by the court are excluded if 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" United States v. Cope, 312 F.3d 757, 776-77 (6th Cir. 2002) (quoting 18 U.S.C. § 3161(h)(7)(A)). Any period of delay resulting from a

---

[1] A sampling of spreadsheets in a folder titled "302s and 1As," showed spreadsheets of 764 pages, 288 pages, and 378 pages in length.

[2] This RICO fraud trial pending before District Judge Weir has been rescheduled several times previously, and counsel's client (Sorin Nedelcu) has objected to any further continuances.

continuance at the request of the defendant or his counsel is excludable if the Court grants such continuance on an "ends-of-justice" finding — that is, a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

8. The Court should grant a continuance here and find that failure to do so would deny the defendant or his attorney "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Importantly, "[i]n setting forth the statutory factors justifying a subsection (h)(7) continuance, Congress twice recognized the importance of adequate pretrial preparation time." Bloate v. United States, 559 U.S. 196, 197 (2010) (citing § 3161(h)(7)(B)(ii), (B)(iv)).

9. The current trial date does not provide defense counsel with sufficient time to properly review, digest, and evaluate the newly produced discovery by the United States. Thus, denial of a continuance would deny the Defendant the reasonable time necessary for effective trial preparation.

10. The undersigned has consulted with the United States Attorneys' Office regarding this motion and is authorized to state that the United States has no objection to a continuance through late September or early October, 2020. Defense counsel believes that a trial in early October, 2020 would be appropriate.

11. The Defendant, Carlos Rogers, has been apprised of his rights under the Speedy Trial Act, and is aware of his right to be tried within seventy (70) days of his initial appearance in federal court. Being aware of those rights, the Defendant elects to waive his rights and consents to the continuance requested herein. A Waiver of Speedy Trial Rights will be executed by the Defendant, and filed of record, within seven (7) days of the filing of this motion.

Wherefore, Defendant requests that the jury trial be continued until October, 2020, and that the Court finds that the "ends of justice served by granting a continuance outweigh the best interest of the public and defendant in a speedy trial." 18 U.S.C. § 3161 (h)(7)(A).

Respectfully submitted,

/s/ Thomas C. Lyons
THOMAS C. LYONS, ESQ.
Law Offices of Thomas C. Lyons
201 West Short Street, Suite 800
Lexington, Kentucky 40507
859-231-0055
thomaslyons@hotmail.com
*Counsel for Defendant, Carlos Rogers*

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Second Motion to Continue Trial has been served on May 5, 2020 by filing same via the CM/ECF System, which will send electronic notice to all counsel of record.

/s/ Thomas C. Lyons
THOMAS C. LYONS, ESQ.

Cc:   Carlos Rogers